# Naftel *v.* The State.

## *Assault and Battery.*

(Decided Jan. 18, 1912.   57 South. 386.)

1. *Witnesses; Cross Examination; Bias.*—It was not error to exclude a question propounded to the person alleged to have been assaulted as to whether he employed lawyers to bring a damage suit against the sheriff for an alleged assault and battery committed on him by N., the deputy sheriff, since it did not appear but that the alleged assailant referred to in the question was another deputy sheriff with the same sur-name as the defendant, and for the further reason that the fact that the prosecutor employed lawyers to sue the sheriff for an assault and battery committed by another deputy, would have no tendency to show bias on the part of the witness.

2. *Appeal and Error; Harmless Error; Evidence.*—Where the answer of a witness was a mere repetition of a statement made by him on cross examination, it was harmless error to overrule an objection to the question on re-direct examination.

3. *Charge of Court; Assuming Facts.*—A charge that if the jury found that the assaulted party shot at the deputy sheriff, his arrest was lawful, and he had no right to resist, was properly refused as assuming that the party had resisted the arrest.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Eugene Naftel was convicted of assault and battery, and he appeals.   Affirmed.

Objections to evidence sufficiently appear in the opinion of the court.   Charge 2 is as follows: "If the jury believe from the evidence that Dumler shot at Deputy Sheriff Bridges on the night of the alleged assault, then his arrest is lawful, and Dumler had no right to resist his arrest."

GOODWYN & MCINTYRE, for appellant. Any fact may be brought out which has a direct tendency to prove that a witness is testifying under the influence of personal material interest.—*Hereford v. Coombs*, 126 Ala. 380; *Ott v. The State*, 160 Ala. 29. Counsel discuss other assignments of error, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the. State. The question as to the employment of a lawyer to bring suit against the sheriff did not tend to show interest or bias. *O'Neal v. Curry*, 134 Ala. 216. Waller's testimony was not objectionable.—*Wall v. The State*, 56 South. 57; *Simmons v. The State*, 145 Ala. 61.

WALKER, P. J.—On the cross-examination by the defendant's counsel of the person charged to have been assaulted he was asked if, before he went before the grand jury in this case, "he had not employed lawyers to bring a damage suit against Mr. Hood, the sheriff, for an alleged assault and battery committed on him by Naftel, the deputy sheriff." The question was not so framed as necessarily to indicate that the defendant had any connection with the matter inquired about. The inquiry may have been in regard to an occurrence long antedating the one under investigation, and the alleged assailant referred to in the question may have been another deputy sheriff having the same surname as the defendant; and this may have been suggested as a ground of objection to the question. The fact that the witness at some time in the past may have employed lawyers to sue the sheriff for an assault and battery alleged to have been committed by a deputy sheriff other than the defendant would have no tendency to prove that the witness had an interest or bias against the defendant. It

[Lee v. The State.]

is not made to appear that the court was in error in sustaining the objection to the question.

The appellant is in no position to complain of the action of the court in overruling his objection to the question asked the witness Waller on his redirect examination by the solicitor, as the answer to the question was a mere repetition by the witness of a statement which had been elicited from him on his cross-examination by the counsel for the appellant.

Written charge 2 requested by the appellant was properly refused, as it assumed as a fact that Dumler resisted arrest, though the evidence on that subject was in conflict. It is manifest that there was no error in the refusal of the other written charges requested by the defendant.

Affirmed.